COURT OF APPEALS OF VIRGINIA


Present:  Judges Bray, Annunziata and Overton


MERILYN JACKSON BURGESS

                                          MEMORANDUM OPINION[*]
v.    Record No. 1120-98-1                   PER CURIAM
                                          NOVEMBER 24, 1998
HAMPTON (CITY OF) SCHOOL BOARD

              FROM THE VIRGINIA WORKERS' COMPENSATION COMMISSION

              (Chester L. Smith, on brief), for appellant.

              No brief for appellee.


        Merilyn Jackson Burgess ("claimant") contends that the

Workers' Compensation Commission ("commission") erred in finding

that she failed to prove that she sustained an injury by accident

arising out of and in the course of her employment on either

January 23, 1997 or January 29, 1997.  Upon reviewing the record

and claimant's brief, we conclude that this appeal is without

merit.  Accordingly, we summarily affirm the commission's

decision.  See Rule 5A:27.

        On appeal, we view the evidence in the light most favorable

to the prevailing party below.  See R.G. Moore Bldg. Corp. v.

Mullins, 10 Va. App. 211, 212, 390 S.E.2d 788, 788 (1990).  "In

order to carry [the] burden of proving an 'injury by accident,' a

claimant must prove that the cause of [the] injury was an

identifiable incident or sudden precipitating event and that it

resulted in an obvious sudden mechanical or structural change in

        [*]Pursuant to Code § 17-116.010 this opinion is not
designated for publication.

the body." Morris v. Morris, 238 Va. 578, 589, 385 S.E.2d 858, 865 (1989). Unless we can say as a matter of law that claimant's evidence sustained her burden of proof, the commission's findings are binding and conclusive upon us. See Tomko v. Michael's Plastering Co., 210 Va. 697, 699, 173 S.E.2d 833, 835 (1970).

The commission ruled that claimant did not prove that she sustained a sudden mechanical change in her body as a result of an identifiable incident occurring at work on either January 23, 1997 or January 29, 1997. In so ruling, the commission found as follows:

> The medical evidence fails to establish a new injury, and fails to relate the claimant's current symptoms to the alleged work accidents. Although Dr. [Shawke] Soueidan diagnosed fibromyalgia type pain secondary to physical trauma, that had been the diagnosis since 1994. We can only speculate as to the physical trauma Dr. Soueidan was referencing. Dr. Soueidan had previously described numerous injuries and accidents, and even noted that [claimant] had been involved in a vehicular accident within a month of her visit on January 31, 1997. He did not specifically relate any new injury or disability to the alleged work accidents. Indeed, he stated that [claimant] had been quite frustrated with her degree of pain over the past two years. Dr. [Elaine] Richardson made no mention of the alleged work accidents. The medical records establish that the claimant's condition has been chronic since at least 1993, and that her pain "is exacerbated by excessive physical activity." They do not establish a new mechanical or structural change in her body on January 23 or 29, 1997, nor do they prove that the current disability is causally related to the alleged work accidents.

The commission's findings are amply supported by the record.

- 2 -

No medical evidence mentioned the January 23 or 29, 1997 specific work-related incidents alleged by claimant, nor did any medical evidence causally relate a January 23 or 29, 1997 work-related incident to a structural or mechanical change in claimant's body.   In light of the lack of any persuasive medical evidence to establish that claimant sustained a structural or mechanical change in her body as the result of a work-related accident on either January 23 or 29, 1997, we cannot say as a matter of law that claimant's evidence sustained her burden of proof.   Accordingly, we affirm the commission's decision.

Affirmed.